UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BAZZINI, LLC,<br><br>                    Plaintiff,<br><br>         v.<br><br>NUTTY NATURALS HOLDINGS LLC and JACK LEFKOWITZ,<br><br>                    Defendants.<br><br>AND RELATED COUNTERCLAIM. | CIVIL ACTION NO. 13 CV 4196 (ADS) (AKT)<br><br>ANSWER AND COUNTERCLAIM<br><br>JURY TRIAL DEMANDED |

Defendant, Nutty Naturals Holdings LLC (hereinafter "defendant" or "Nutty Naturals"), by its attorneys, Gottlieb, Rackman & Reisman, P.C., submits this Answer and Counterclaim to Plaintiff, Bazzini, LLC's (hereinafter "plaintiff" or "Bazzini") Complaint as follows:

**Nature of the Action**

1. As to paragraph 1 of the Complaint, Nutty Naturals admits that this purports to be an action arising under 15 U.S.C. §§ 1051 *et seq.*, New York law and the common law, but Nutty Naturals denies any liability under any of the aforementioned statutes or common law and denies any other allegations in paragraph 1 of the Complaint.

2. Nutty Naturals denies the allegations of paragraph 2 of the Complaint.

## The Parties

3. Nutty Naturals lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint and therefore denies same.

4. Nutty Naturals admits the allegations of paragraph 4 of the Complaint.

5. As to paragraph 5 of the Complaint, Nutty Naturals denies that Lefkowitz operates Nutty Naturals, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 5 of the Complaint and therefore denies same.

6. Nutty Naturals denies the allegations of paragraph 6 of the Complaint.

## Jurisdiction and Venue

7. As to paragraph 7 of the Complaint, Nutty Naturals admits that this Court has jurisdiction over claim(s) asserted in this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338, and 28 U.S.C. § 1367(a).

8. Nutty Naturals denies the allegations of paragraph 8 of the Complaint, except admits that the Court has personal jurisdiction over it within this judicial district and are residents within the State of New York.

9. As to paragraph 9 of the Complaint, Nutty Naturals admits that venue is proper in this judicial district.

## Factual Background

10. Nutty Naturals lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint and therefore denies same.

11. As to paragraph 11 of the Complaint, Nutty Naturals lacks knowledge or information sufficient to form a belief as to the timing of when Bazzini commenced use of its product packaging and therefore denies same, and denies the remaining allegations of paragraph 10 of the Complaint.

12. Nutty Naturals denies the allegations of paragraph 12 of the Complaint.

13. Nutty Naturals denies the allegations of paragraph 13 of the Complaint.

14. Nutty Naturals denies the allegations of paragraph 14 of the Complaint.

15. Nutty Naturals denies the allegations of paragraph 15 of the Complaint.

16. Nutty Naturals denies the allegations of paragraph 16 of the Complaint.

17. Nutty Naturals denies the allegations of paragraph 17 of the Complaint.

18. Nutty Naturals denies the allegations of paragraph 18 of the Complaint.

19. Nutty Naturals denies the allegations of paragraph 19 of the Complaint.

20. Nutty Naturals lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint and therefore denies same, except admits that on or about July 1, 2013, counsel for Nutty Naturals wrote to Bazzini's counsel, asserting, *inter alia*, that there is no likelihood of confusion based on the obvious differences between Nutty Naturals' and Bazzini's product packaging, that Nutty Naturals "declines to comply with the request to phase out its packaging," that Bazzini's claims are without merit, and that "if Bazzini insists on pressing on with this matter and commencing a legal action, [Nutty Naturals] will take all appropriate actions to defend itself, including seeking attorneys' fees and all other relief permitted under the law.

## COUNT I
## FEDERAL UNFAIR COMPETITION AND TRADE DRESS INFRINGEMENT
## (15 U.S.C. § 1125(a))

21. In response to the allegations set forth in paragraph 21 of the Complaint, Nutty Naturals hereby repeats its responses to the allegations in paragraphs 1 through 20 of the Complaint as if set forth herein.

22. As to paragraph 22 of the Complaint, Nutty Naturals admits that this purports to be a count arising under 15 U.S.C. §§ 1051 *et seq.*, but Nutty Naturals denies any liability under any of the aforementioned statutes and denies any other allegations in paragraph 22 of the Complaint.

23. Nutty Naturals denies the allegations of paragraph 23 of the Complaint.

24. Nutty Naturals denies the allegations of paragraph 24 of the Complaint.

25. Nutty Naturals denies the allegations of paragraph 25 of the Complaint.

26. Nutty Naturals denies the allegations of paragraph 26 of the Complaint.

27. Nutty Naturals denies the allegations of paragraph 27 of the Complaint.

## COUNT II
## UNFAIR COMPETITION UNDER THE COMMON LAW OF NEW YORK

28. In response to the allegations set forth in paragraph 28 of the Complaint, Nutty Naturals hereby repeats its responses to the allegations in paragraphs 1 through 27 of the Complaint as if set forth herein.

29. As to paragraph 29 of the Complaint, Nutty Naturals admits that this purports to be a count arising under the common law of the State of New York, but Nutty Naturals denies any liability thereunder and denies any other allegations in paragraph 29 of the Complaint.

30. Nutty Naturals denies the allegations of paragraph 30 of the Complaint.

31. Nutty Naturals denies the allegations of paragraph 31 of the Complaint.

32. Nutty Naturals denies the allegations of paragraph 32 of the Complaint.

33. Nutty Naturals denies the allegations of paragraph 33 of the Complaint.

34. Nutty Naturals denies the allegations of paragraph 34 of the Complaint.

## COUNT III
## UNFAIR AND DECEPTIVE TRADE PRACTICES UNDER N.Y. G.B.L. § 349

35. In response to the allegations set forth in paragraph 35 of the Complaint, Nutty Naturals hereby repeats its responses to the allegations in paragraphs 1 through 34 of the Complaint as if set forth herein.

36. Nutty Naturals denies the allegations of paragraph 36 of the Complaint.

37. Nutty Naturals denies the allegations of paragraph 37 of the Complaint.

38. Nutty Naturals denies that Bazzini is entitled to any of the relief requested in paragraphs I through X following the WHEREFORE clause.

## DEFENSES

Nutty Naturals alleges and asserts the following defenses in response to the allegations in the Complaint:

### FIRST DEFENSE

Bazzini fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Bazzini's alleged trade dress has not acquired distinctiveness through secondary meaning, and is therefore unprotectable, invalid and/or unenforceable.

### THIRD DEFENSE

Bazzini's alleged trade dress is functional, and is therefore unprotectable, invalid and/or unenforceable.

### FOURTH DEFENSE

The product names utilized by Nutty Naturals are generic and/or descriptive.

### FIFTH DEFENSE

Bazzini's alleged trade dress lacks inherent distinctiveness and is therefore unprotectable, invalid and/or unenforceable.

### SIXTH DEFENSE

There is no likelihood of confusion between Bazzini's purported trade dress in its product packaging and the allegedly infringing packaging of Nutty Naturals.

### SEVENTH DEFENSE

Bazzini has not sufficiently pled the character and nature of its purported trade dress rights and Nutty Naturals is thus entitled to judgment on the pleadings.

## EIGHTH DEFENSE

Bazzini's claims are barred by the doctrine of unclean hands.

## NINTH DEFENSE

Bazzini's claims are barred by the doctrine of estoppel.

## TENTH DEFENSE

Bazzini's claims are barred by the doctrine of waiver.

## ELEVENTH DEFENSE

Bazzini's claims are barred by the doctrine of laches.

Nutty Naturals reserves the right to further amend its Answer as additional information becomes available. All possible affirmative defenses may not have been alleged here insofar as sufficient facts were not available, after reasonable inquiry, upon the filing of Nutty Natural's Answer to the Complaint. As such, Nutty Naturals may later amend its Answer to raise additional affirmative defenses, if warranted by subsequent investigation. By providing this Answer, Nutty Natural does not waive or relinquish any present or potential affirmative defense.

## COUNTERCLAIM

For its counterclaim against Bazzini, Nutty Naturals alleges as follows:

1. This counterclaim is for declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

2. This court has jurisdiction over the subject matter pursuant to 28 U.S.C. §§ 1331 and 1338.

3. This Court has supplemental jurisdiction over the state law causes of action pursuant to 28 U.S.C. § 1367.

4. Bazzini has submitted itself to the jurisdiction of this Court.

5. Bazzini has admitted that venue is proper in this judicial district.

6. Nutty Naturals received a letter dated May 21, 2013 with enclosures from Bazzini's counsel, Anthony F. LoCicero of the firm Amster Rothstein & Ebenstein LLP. A copy of the letter is attached hereto as Exhibit A.

7. That letter asserts, *inter alia,* claims against Nutty Naturals and advised Nutty Naturals of Bazzini's objections to Nutty Naturals' use of product packaging which is purportedly 'confusingly similar' to the packaging used by Bazzini.

8. The letter further asserts that "Nutty Naturals' activities constitute the use in commerce of false designations of origin and false descriptions and representations in violation of Section 43(a) of the Trademark Act of 1946, as well as common law unfair competition."

9. In that letter, Bazzini demands that Nutty Naturals immediately phase out its product packaging.

10. On or about July 1, 2013, counsel for Nutty Naturals wrote to Bazzini's counsel, asserting, *inter alia*, that there is no likelihood of confusion based on the obvious differences between Nutty Naturals' and Bazzini's product packaging, that Nutty Naturals "declines to comply with the request to phase out its packaging," that Bazzini's claims are without merit, and that "if Bazzini insists on pressing on with this matter and commencing a legal action, [Nutty Naturals] will take all appropriate actions to defend

itself, including seeking attorneys' fees and all other relief permitted under the law. A copy of the letter from Nutty Naturals' counsel is attached hereto as Exhibit B.

11. Upon information and belief, Bazzini learned of the sale of Nutty Naturals' product packaging through the sale, offer for sale, advertising, marketing and/or promotional activities of Nutty Naturals.

12. Upon information and belief, Bazzini objects to all sales, offers for sale, advertising, marketing and/or promotional activities by Nutty Naturals which relate to products in packaging which allegedly violates Bazzini's trade dress rights.

13. Upon information and belief, Bazzini's explicit demand to Nutty Naturals to "immediately phase out" its product packaging also includes an implied demand that Nutty Naturals cease and desist from all advertising, marketing and promotional activities that promote the sale of its products in packaging which allegedly violates Bazzini's trade dress rights.

14. By virtue of the foregoing, Nutty Naturals is compelled to seek a declaration from this Court that it does not infringe the Bazzini's trade dress rights, that its advertising, promotion and use of its product packaging does not violate Bazzini's purported rights, and/or that Bazzini's asserted rights are invalid and/or unenforceable.

15. By virtue of the foregoing, an actual controversy exists between Bazzini and Nutty Naturals as to whether Bazzini's trade dress rights are invalid, unenforceable and not infringed by Nutty Naturals.

16. Bazzini's alleged trade dress rights in its product packaging, as alleged in the Complaint, are invalid, unenforceable and not infringed by Nutty Naturals.

17. Nutty Naturals' actions do not constitute a violation under 15 U.S.C. § 1125(a).

18. Nutty Naturals' actions do not constitute a violation of New York General Business Law § 349.

19. Nutty Naturals' actions do not constitute a violation of unfair competition under the common law.

20. Bazzini is not entitled to an award of treble damages under 15 U.S.C. § 1117.

21. Bazzini has not sustained any monetary damages or any other forms of damages as a result of any of Nutty Naturals' actions as alleged in the Complaint.

22. Bazzini is not entitled to an award of attorneys fees under the Lanham Act, or otherwise.

23. Bazzini is not entitled to a temporary or permanent injunction.

**WHEREFORE**, Nutty Naturals prays for entry of judgment:

A. Declaring that Bazzini's purported trade dress in its product packaging which has been asserted by Bazzini against Nutty Naturals are invalid, unenforceable and/or not infringed by Nutty Naturals;

B. Declaring that Nutty Naturals' actions do not constitute a violation of 15 U.S.C. § 1125(a), New York General Business Law or the common law of the State of New York;

C. Declaring that Bazzini is not entitled to damages for, or injunctive relief against, any alleged infringement by Nutty Naturals;

D. Preliminarily and permanently enjoining Bazzini from asserting against Nutty Naturals any claim of trade dress infringement with respect to Bazzini's purported trade dress rights in its product packaging;

E. Finding that this is an exceptional case in favor of Nutty Naturals and awarding Nutty Naturals its costs and attorney's fees; and

F. Awarding Nutty Naturals such further and additional relief as the Court deems just and proper.

## JURY DEMAND

Nutty Naturals demands a trial by jury on all issues so triable raised in its Answer, Defenses and Counterclaims.

Respectfully submitted,
GOTTLIEB, RACKMAN & REISMAN

By: s/ Steven Stern
_____
Steven Stern (SS 5203)
  sstern@grr.com
Richard Schurin (RS 0199)
  rschurin@grr.com
Jonathan Purow (JP 0052)
  jpurow@grr.com
270 Madison Avenue, 8th Floor
New York, New York 10016-0601
Telephone: (212) 684-3900
Facsimile: (212) 684-3999

*Attorneys for Defendant/Counterplaintiff*
*Nutty Naturals Holdings LLC*

Dated: October 30, 2013

# EXHIBIT A



**Amster Rothstein & Ebenstein LLP**
Intellectual Property Law

90 Park Avenue
New York NY 10016

Main  212 336 8000
Fax    212 336 8001
Web   www.arelaw.com

| Partners | Founding Partners | Matthieu Hausig | Brian Amos, Ph.D. |
| --- | --- | --- | --- |
| Daniel Ebenstein | Morton Amster, *of Counsel* | Benjamin M. Halpern* | Andrei Vornigescu |
| Philip H. Gottfried | Jesse Rothstein (1934-2003) | | Robert M. Bilotta, Jr. |
| Neil M. Zipkin | | *Associates* | Addie Bendory |
| Anthony F. Lo Cicero | *Senior Counsel* | Patrick Boland* | William M. Frank |
| Kenneth P. George | Marion P. Metelski | Jung S. Hahm | Hajime Sakai, Ph.D. |
| Abraham Kasdan, Ph.D. | Alan D. Miller, Ph.D. | Benjamin Charkow | Amit Parikh* |
| Ira E. Silfin | Marc J. Jason | Mark Berkowitz | Richard P. Zemsky* |
| Chester Rothstein | Richard S. Mandaro | Robert Burak | |
| Craig J. Arnold | Max Vern | Samuel Lo | |
| Joseph M. Casino | Holly Pekowsky | Suzue Fujimori | |
| Michael V. Solomita | Brian A. Comack | David R. Widomski | * Not admitted in New York |
| Charles R. Macedo | David A. Boag | Jessica Capasso | |
| Michael J. Kasdan | | | |

May 21, 2013

Anthony F. LoCicero
Direct 212 336 8110
E-mail alocicero@arelaw.com

<u>via Federal Express</u>

Nutty Naturals
5014 16th Avenue, Suite 144
Brooklyn, NY 11219

> Re:  Bazzini, LLC
>      Nutty Naturals
>      <u>Our File: 07575/0003</u>

Dear Sir/Madam:

      We are trademark counsel to Bazzini, LLC ("Bazzini"), which has been a major producer and distributor of nuts, dried fruits and confectionery products for more than 100 years. We are writing this letter to place your company on notice of Bazzini's objections to your use of product packaging which is confusingly similar to the packaging that Bazzini has used on its competing line of products for many years.

      Bazzini has used a distinctive product packaging characterized by a dark blue banner incorporating the company name, followed by a contrasting banner with the product name and a transparent front panel displaying the package contents. This packaging has been in widespread use for several years and has come to be recognized by the trade and the purchasing public as identifying products emanating from Bazzini.

      Recently, it has come to Bazzini's attention that Nutty Naturals has been selling competing products, using identical product names, in a packaging which is confusingly similar to the proprietary Bazzini packaging described above. There is no question that this product packaging was copied from the Bazzini packaging and will have the effect of confusing the trade and members of the purchasing public to believe that the Nutty Naturals products are authorized by, sponsored by or licensed by Bazzini, when they are not. The side-by-side comparison of the product packaging which is attached to this letter demonstrates this point.

      Nutty Naturals' activities constitute the use in commerce of false designations of origin and false descriptions and representations in violation of Section 43(a) of the Trademark

543752.1

Nutty Naturals 2 May 21, 2013

Act of 1946, as well as common law unfair competition. Remedies for such violations of law can include an award of monetary damages as well as injunctive relief in favor of Bazzini.

In view of the foregoing, Bazzini demands that Nutty Naturals immediately phase out its confusingly similar product packaging and that you advise us in writing of your intention to do so. Unless these demands are complied with, we will advise our client to take appropriate action to protect its valuable rights.

Nothing contained herein shall be deemed to constitute a waiver of any of Bazzini's rights or remedies, all of which are specifically reserved.

We await your response.

Very truly yours,

AMSTER, ROTHSTEIN & EBENSTEIN LLP

Anthony F. LoCicero

AFL:mk
Enclosure

543752.1

 

# EXHIBIT B

# GOTTLIEB, RACKMAN & REISMAN, P.C.
COUNSELORS AT LAW
PATENTS · TRADEMARKS · COPYRIGHTS · INTELLECTUAL PROPERTY

270 MADISON AVENUE
NEW YORK, N. Y. 10016-0601
PHONE: (212) 684-3900 · FACSIMILE: (212) 684-3999
WEB: http://www.grr.com · E-MAIL: info@grr.com

GEORGE GOTTLIEB
DAVID S. KASHMAN
ALLEN I. RUBENSTEIN
JEFFREY M. KADEN
TIBERIU WEISZ
MARIA A. SAVIO
RICHARD S. SCHURIN
MARC P. MISTHAL
STEVEN STERN
BARRY R. LEWIN

COUNSEL
DIANA MULLER*

*MEMBER OF THE BAR OF ARGENTINA ONLY

DONNA MIRMAN BROOME
BARBARA H. LOEWENTHAL
JOSHUA R. MATTHEWS
ARIEL S. PEIKES
SAMANTHA G. ROTHAUS
JONATHAN M. PUROW

PATENT AGENT
ZOYA V. CHERNINA

OF COUNSEL
JAMES REISMAN

July 1, 2013

**VIA EMAIL & FIRST CLASS MAIL**

Anthony F. LoCicero, Esq.
Amster Rothstein & Ebenstein LLP
90 Park Avenue
New York, NY 10016

    Re:  **Dispute with Bazzini**

Dear Mr. LoCicero:

  We are intellectual property counsel to Nutty Naturals Holdings LLC ("Nutty Naturals"). We write in response to your letter of May 21, 2013, which seeks to put Nutty Naturals on notice of Bazzini, LLC's ("Bazzini") "objections to [Nutty Natural's] use of product packaging" which Bazzini asserts is confusingly similar to the packaging that Bazzini uses for its competing line of products. The letter also requests that Nutty Naturals "immediately phase out" its packaging and advise Bazzini in writing of its intent to do so.

  Based on its review of the images attached to your letter and after comparing the packaging of Bazzini's products with its own, our client declines to comply with the request to phase out its packaging.

  In particular, we note the obvious difference between our clients' respective marks, NUTTY NATURALS and BAZZINI, which are prominently displayed across the top of each package. Based on this difference alone, there is clearly no likelihood of confusion. Not only are the marks themselves completely different, but they are also displayed in totally dissimilar fonts, further contributing to the overall differences between the product packaging. Moreover, our client displays its NUTTY NATURALS mark against a light background, while the BAZZINI mark is presented against a dark blue background. In addition, the product name banners displayed on our client's packaging are all curved, while Bazzini's banners are rigid and rectangular.

Anthony F. LoCicero, Esq.
July 1, 2013
Page 2

      For these and other reasons, we consider the claims set forth in your letter to be without merit.  Furthermore, if Bazzini insists on pressing on with this matter and commencing a legal action, our client will take all appropriate actions to defend itself, including seeking attorneys' fees and all other relief permitted under the law.

      Nothing contained herein shall be deemed to constitute a waiver of any of our client's rights or remedies, all of which are expressly reserved.

      Very truly yours,

      **GOTTLIEB, RACKMAN & REISMAN, P.C.**

      Steven Stern