

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BAZZINI, LLC,<br><br>                              Plaintiff,<br><br>v.<br><br>NUTTY NATURALS HOLDINGS LLC<br>and JACK LEFKOWITZ,<br><br>                              Defendants.<br><br>AND RELATED COUNTERCLAIM. | CIVIL ACTION NO. 13 CV 4196<br>(ADS) (AKT)<br><br>CONSENT JUDGMENT<br><br>F I L E D<br>IN CLERK'S OFFICE<br>U.S. DISTRICT COURT E.D.N.Y.<br><br>★   SEP 08 2014   ★<br><br>LONG ISLAND OFFICE |

**WHEREAS**, Bazzini, LLC ("Bazzini") commenced an action against Nutty Naturals Holdings LLC ("Nutty Naturals") on or about July 24, 2014, with the filing of a Complaint in the United States District Court for the Eastern District of New York captioned *Bazzini LLC v. Nutty Naturals Holdings LLC et al.*, Civil Action No. 13-CV4196 (the "Action") asserting, *inter alia*, claims of federal unfair competition and trade dress infringement under 15 U.S.C. § 1125(a), unfair competition under the common law of New York, unfair and deceptive trade practices under N.Y. GBL § 349 and other related trademark claims;

**WHEREAS**, an Answer and Counterclaims was filed by Nutty Naturals, wherein Nutty Naturals denied all of the material allegations of infringement and asserted allegations of non-infringement, invalidity and unenforceability with respect to Bazzini's rights asserted in the Complaint;

581648.3

WHEREAS, Bazzini has denied all of the material allegations set forth in Nutty Naturals' Counterclaims;

WHEREAS, the Action, including all asserted claims, has been settled by a separate confidential settlement agreement on mutually agreeable terms, without any admissions as to liability as to claims referenced therein, and to avoid further expense, inconvenience, and the distraction of litigation; and

WHEREAS, the undersigned parties further wish to enter into this Consent Judgment, it is now hereby

**ORDERED AND ADJUDGED**, as follows:

1. The issue of Nutty Naturals' product packaging that is the subject of the parties' claims and counterclaims in this action has been resolved in accordance with the confidential settlement agreement on mutually agreeable terms.

2. The issue of Nutty Naturals' use of the phrases CASHEWS IMPERIAL or PECAN SUPREME in connection with snack mixes comprising primarily processed nuts, fruits, raisins, seeds and/or dried fruits has been resolved in accordance with the confidential settlement agreement on mutually agreeable terms.

3. Nutty Naturals' past use in commerce of the phrase HEALTHY MIX in connection with snack mixes comprising primarily processed nuts, fruits, raisins, seeds and/or dried fruits does not constitute an infringement of any of Bazzini's trademark rights or any other rights asserted under 15 U.S.C. § 1125(a), New York law or the common law.

4. Nutty Naturals may continue to use the phrase HEALTHY MIX in connection with snack mixes comprising primarily processed nuts, fruits, raisins, seeds and/or dried fruits.

5. Nutty Naturals' past use in commerce of the phrase RAISIN NUT PARTY MIX in connection with snack mixes comprising primarily processed nuts, fruits, raisins, seeds and/or dried fruits does not constitute an infringement of any of Bazzini's trademark rights or any other rights asserted under 15 U.S.C. § 1125(a), New York law or the common law.

6. Nutty Naturals may continue to use the phrase RAISIN NUT PARTY MIX in connection with snack mixes comprising primarily processed nuts, fruits, raisins, seeds and/or dried fruits.

7. Each of the phrases (a) HEALTHY MIX and (b) RAISIN NUT PARTY MIX may be used by Nutty Naturals irrespective of whether each is also used in conjunction with the mark NUTTY NATURALS or any other mark owned by Nutty Naturals.

8. Nothing contained in this Consent Judgment and is or shall be construed as an admission, express or implied, of any improper or illegal conduct, or of any culpability or liability on the part of Bazzini or Nutty Naturals.

9. This Consent Judgment shall be binding upon and shall inure to the benefit of the parties hereto, and their respective heirs, executors, legal representatives, successors and assigns.

10. Each party will bear its own costs and attorneys' fees that have accrued on or before the execution of this Consent Judgment.

11. Each of the signatories warrant and represent that they have full authorization to enter into this Consent Judgment on behalf of the respective parties named below.

12. Signatures transmitted electronically or by facsimile shall be deemed original.

13. The Court shall retain jurisdiction over the parties to this action to enforce the terms of this Consent Injunction and settlement agreement between the parties.

14. All other claims, defenses or counterclaims, either actually asserted in this action or which could have been asserted in this action, by either party, are hereby dismissed with prejudice.

15. This Consent Judgment constitutes the Court's Final Judgment pursuant to Fed. R. Civ. P. 54.

16. The parties hereto have waived appeal from this Final Judgment or challenge to it in any way.

I hereby agree to the
form and entry of the
above Consent Judgment.

| BAZZINI LLC | NUTTY NATURALS HOLDINGS LLC |
|---|---|
| By: Rocco Damato | By: Solomon Kraus |

SO ORDERED on this _8_ day of _Sept._ 2014:

_____
HON. ARTHUR D. SPATT, U.S.D.J.

14. All other claims, defenses or counterclaims, either actually asserted in this action or which could have been asserted in this action, by either party, are hereby dismissed with prejudice.

15. This Consent Judgment constitutes the Court's Final Judgment pursuant to Fed. R. Civ. P. 54.

16. The parties hereto have waived appeal from this Final Judgment or challenge to it in any way.

I hereby agree to the
form and entry of the
above Consent Judgment.

**BAZZINI LLC**

By: Rocco Damato

**NUTTY NATURALS HOLDINGS LLC**

By: Solomon Kraus

Case Closed
SO ORDERED on this _8_ day of _Sept._ 2014;

**HON. ARTHUR D. SPATT, U.S.D.J.**